Jessica B. Coffield (SBN 274122)
jbcoffield@ww.law
WOLFE & WYMAN LLP
980 9th Street, Suite 1750
Sacramento, California 95814
Telephone:   (916) 912-4700
Facsimile:   (949) 475-9203

Attorneys for Defendant
CITIBANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUONG HOANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITIBANK, N.A., and DOES 1-50,<br><br>　　　　Defendants. | Case No.: 5:23-cv-03270-PCP<br><br>*Assigned for all purposes to the Hon. P. Casey Pitts in Courtroom 8*<br><br>**CITIBANK, N.A.'S PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JESSICA B. COFFIELD; DECLARATION OF PHILLIP ADAME**<br><br>Date:　　**October 12, 2023**<br>Time:　　**10:00 A.M.**<br>Location:　USDC – Northern District<br>　　　　　280 South First Street,<br>　　　　　Courtroom 8, 4th Floor.<br>　　　　　San Jose, CA 95113<br><br>Action Filed:　May 3, 2023 |

PLEASE TAKE NOTICE that on **October 12, 2023**, at **10:00 a.m., in Courtroom 8, on the 4th Floor** of the Robert F. Peckham Courthouse, or as soon thereafter as this matter may be heard in Courtroom 8 of the United States Courthouse, located at 280 South First Street, 4th Floor, San Jose, California 95113, Defendant CITIBANK, N.A., through its attorneys of record, petition to compel arbitration of the claims asserted by Plaintiff TUONG HOANG and stay this case.

///

///

1

**DEFENDANT CITIBANK, N.A.'S PETITION TO COMPEL ARBITRATION - CASE NO: 5:23-CV-03270-PCP**

The Petition is made pursuant to Section 4 of the Federal Arbitration Act the grounds the parties' written agreement calls for arbitration of disputes and Defendant Citibank, N.A. has no other adequate remedy to compel arbitration.

DATED: August 31, 2023               WOLFE & WYMAN LLP

                                    By:   */s/ Jessica B. Coffield*
                                         JESSICA B. COFFIELD
                                    Attorneys for Defendant
                                    **CITIBANK, N.A.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Citibank, N.A. ("Citibank") hereby petitions this Court for an Order Compelling Arbitration and staying this case.

In this case, Plaintiff Tuong Hoang ("Plaintiff") sued Citibank after a dispute arose concerning her deposit account at Citibank. However, when Plaintiff opened her deposit account with Citibank, she agreed to resolve all disputes by binding arbitration.

Based on the above, Citibank respectfully requests that its Petition be granted and an order compelling arbitration/staying this case be entered.

## II.  FACTUAL HISTORY

When a customer opens any consumer account at Citibank, it is Citibank's standard custom and practice is to provide the customer a copy of the Citibank Client Manual Consumer Accounts ("Client Manual"). (Declaration of Phillip Adame, Citibank's Custodian of Records ("Citibank Decl.") ¶ 4.)

If the customer opens the consumer account at the branch location, they receive a paper copy of the Client Manual. (*Ibid.*) The Client Manual outlines the various terms and conditions for opening and maintaining Plaintiff's consumer account with Citibank, including an arbitration clause. (Citibank Decl., ¶ 5.)

Citibank's books and records reflect that in November of 2012, Plaintiff opened a consumer account with Citibank at the branch located at 2189 Quimby Road, San Jose CA 95122. (Citibank Decl., ¶ 6.)

As part of Citibank's standard account opening process, Plaintiff received the Client Manual which included a binding arbitration clause. (Citibank Decl., ¶ 7.) To open the account, Plaintiff was required to agree to certain terms and conditions, including her agreement to be bound by the applicable Client Manual. (Citibank Decl., ¶ 8.)

///
///
///

The Client Manual states on page 9 the following:

> This Agreement contains an arbitration provision that authorizes either party to elect mandatory and binding arbitration of certain disputes. The terms of the arbitration provision are set forth in the section entitled "Resolution of Disputes by Arbitration." PLEASE READ THIS ARBITRATION PROVISION CAREFULLY.

The Client Manual further states on page 49 in the section entitled "Resolution of Disputes by Arbitration" the following:

> PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.
>
> THIS SECTION CONTAINS IMPORTANT INFORMATION REGARDING YOUR DEPOSIT, READY CREDIT©, CUSTOM CREDIT LINE, CHECKING PLUS© OR CHECKING PLUS© (VARIABLE RATE) ACCOUNTS AND THE SERVICES RELATED THERETO. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

Plaintiff further affirmed acceptance of the arbitration agreement by using her consumer account with Citibank after receiving the terms of the account agreement.

On May 3, 2023, Plaintiff filed the present lawsuit against Citibank in the Superior Court of California, Santa Clara County, which contains causes of action for (1) Electronic Funds Transfer Act, 15 U.S.C. section 1693 et seq.; 2) California Commercial Code section 11204; 3) Negligence; 4) Breach of Contract; and 5) Breach of Contract. On June 30, 2023, Defendant filed a Notice of Removal removing the action to this Court. (Declaration of Jessica B. Coffield ("Coffield Decl.") ¶ 3.) On August 17, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (Coffield Decl. ¶ 4.) The FAC alleges an unknown person withdrew funds from Plaintiff's account without her authorization and Citibank purportedly failed to take appropriate action in response or reimburse the funds. (*Ibid.*)

///

///

4
DEFENDANT CITIBANK, N.A.'S PETITION TO COMPEL ARBITRATION - CASE NO: 5:23-CV-03270-PCP

Citibank's counsel has communicated several times with Plaintiffs' counsel in order to communicate Citibank's intention to pursue its contractual right to arbitration and request to stipulate to the same. (Coffield Decl. ¶ 5.) On August 17, 2023, Plaintiff's counsel confirmed Plaintiff would not stipulate to arbitration. (*Ibid.*)

Based on the above, Citibank prays for an Order Compelling Arbitration/Staying this case and such other further relief as the Court deems proper.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects a liberal federal policy favoring arbitration and requires that arbitration agreements be rigorously enforced. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "[T]he FAA's purpose is to give preference (instead of mere equality) to arbitration provisions." *Mortensen v. Bresnan Commc'ns LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013). Thus, "courts must 'rigorously enforce' arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes,' and 'the rules under which that arbitration will be conducted.' " *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (emphasis and internal citation omitted); *see Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures."). "As arbitration is favored, those parties challenging the enforceability of an arbitration agreement bear the burden of proving that the provision is unenforceable." *Mortensen*, *supra*, 722 F.3d at 1157 (*citing Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)).

The FAA applies to contracts (such as the one at issue here) evidencing a transaction involving interstate commerce. *See* 9 U.S.C. §§ 1- 2. The FAA provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court must compel arbitration if: the transaction involves interstate commerce and (1) a written arbitration agreement exists; and (2) the agreement encompasses the dispute at issue. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

///

## II. ARGUMENT

### A. Plaintiff Was Required To Arbitrate Any Dispute With Citibank

#### 1. Plaintiff Consented to the Client Manual by Opening and Continuing to Use her Citibank Account.

By opening her account, Plaintiff consented to Citibank's Client Manual, including the arbitration agreement. Plaintiff's consent to the terms of the Client Manual is also demonstrated by her continued use of her account. Federal courts in California and nationwide have consistently held that a customer who uses a credit account assents to any arbitration provisions in the account agreement. For example, in *Quiroz v. Cavalry SPVI, LLC*, the court held that by opening and using the account, the plaintiff had entered into the card agreement and agreed to arbitrate his claims. 217 F. Supp. 3d 1130, 1135-36 (C.D. Cal. Nov. 16, 2016). The plaintiff's "signature was not required for him to accept the Card Agreement." *Ibid.* "A party's acceptance of an agreement to arbitrate may be express, as where a party signs the agreement. A signed agreement is not necessary, however, and a party's acceptance may be implied in fact [citation] or be effectuated by delegated consent [citation]. An arbitration clause within a contract may be binding on a party even if the party never actually read the clause." *Chambers v. Crown Asset Management, LLC*, 71 Cal.App.5th 583, 591 (2021).

Plaintiff opened her consumer account with Citibank in November 2012.  At the time Plaintiff opened her consumer account, she was provided with Citibank's Client Manuals that outlined the various terms and conditions for opening and maintaining Plaintiff's consumer account with Citibank, including the arbitration clause. Plaintiff accepted the arbitration agreement by using her consumer account with Citibank after receiving the terms of the account agreement.

As such, Plaintiff's continued use of her consumer account with Citibank is consent to the terms and conditions of the consumer account, including the arbitration clause.

#### 2. Pursuant to the Valid Delegation Clause, the Arbitrator Must Decide the Question of Arbitrability

When a delegation clause is present, "a court's role is narrowed from deciding whether there is an applicable arbitration agreement to only deciding whether there is a valid delegation clause." *In re Midland Credit Management, Inc. Telephone Consumer Protection Litigation*, 2019 WL 398169,

at *5 (S.D. Cal., Jan. 31, 2019, No. 11MD2286-MMA (MDD)) (citing *Rent-A-Ctr., West, Inc. v. Jackson*, 561 U.S. 63, 68-72 (2010)).

A valid delegation clause exists when the arbitration agreement contains language "delegating to the arbitrators the authority to determine 'the validity or application of any of the provisions of' the arbitration clause[]." *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (quoting Rent-A-Center, 561 U.S. at 68). Such language is enforceable and constitutes "an agreement to arbitrate threshold issues concerning the arbitration agreement." *Id.*; *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015) ("[A] court must enforce an agreement that . . . clearly and unmistakably delegates arbitrability questions to the arbitrator[.]").

Here, the Arbitration Agreement expressly provides that "[d]isputes [covered by arbitration] also include claims relating to the enforceability or interpretation of any of these arbitration provisions." Client Manual, p. 50. Courts have held that similar language constitutes a valid delegation provision. *See*, e.g., *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (language delegating to an arbitrator authority to decide the "enforceability, revocability or validity of the Arbitration Provision . . . clearly and unmistakably indicates [the parties'] intent for the arbitrators to decide the threshold question of arbitrability.").

Accordingly, this Court "must treat [the delegation clause] as valid" and "leav[e] any challenge" to the arbitrability of the parties' claims for the arbitrator. *Rent-A-Center*, *supra*, 561 U.S. at 72. For this reason, this Motion to Compel Arbitration should be granted, and the Court does not need to proceed further.

### 3. Even in the Absence of a Delegation Clause, Plaintiff's Claims Must Be Compelled to Arbitration.

Once an enforceable arbitration agreement has been found, any doubts regarding the scope of arbitrable issues must be resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24-25. It is well-established that California has a strong public policy in favor of arbitration. *St. Agnes Med. Ctr. v. Pacificare of Cal.,* 31 Cal.4th 1187, 1195 (2003).

In this case, the arbitration provision defines "Disputes Covered by Arbitration" broadly as "[a]ny claim or dispute relating to or arising out of your deposit, Ready Credit®, Custom Credit

1  Line, Checking Plus® or Checking Plus® (variable rate) account, this Agreement, or our
2  relationship will be subject to arbitration. All disputes are subject to arbitration, no matter what legal
3  theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek."
4  Client Manual, p. 50. It further provides "[a]ny questions about whether disputes are subject to
5  arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will
6  allow it to be enforced." *Ibid.*

7        The Client Manual which contains the arbitration provisions affect commerce under the FAA
8  and are valid and enforceable under the FAA. Valid arbitration agreements may be enforced in the
9  district court by an order directing arbitration proceed in the manner provided in the agreement. 9
10 U.S.C.A. § 4.

**III.  CONCLUSION**

      Accordingly, for all the above reasons, Citibank respectfully requests that the Court grant its Motion to Compel Arbitration, order Plaintiff's claims to arbitration, stay all proceedings pending arbitration, and grant Citibank such other and further relief as this Court deems appropriate and just.

DATED:  August 31, 2023        WOLFE & WYMAN LLP

By:    */s/ Jessica B. Coffield*
      JESSICA B. COFFIELD
Attorneys for Defendant
**CITIBANK, N.A.**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF CONTRA COSTA  )

I, AdriAnne Pantell-Gonzaga, declare:

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action. My business and e-mail addresses are as follows: 2033 N. Main St., Ste. 365, Walnut Creek, CA, 94596-3726; ANPantell@ww.law.

On the date shown below, I served the document(s) described as:

**CITIBANK, N.A.'S PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JESSICA B. COFFIELD; DECLARATION OF PHILLIP ADAME**

on all interested parties as follows:

☐   **BY MAIL** as stated on the ATTACHED SERVICE LIST as follows:

   ☐   **FEDERAL** – I deposited such envelope in the U.S. Mail at Contra Costa, California, with postage thereon fully prepaid.

☒   **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☒   **FEDERAL**  I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on August 31, 2023 , at Contra Costa, California.

   /s/ AdriAnne Pantell-Gonzaga
   ADRIANNE PANTELL-GONZAGA

4612289.1

**SERVICE LIST**
**[USDC – NORTHERN DISTRICT OF CALIFORNIA]**
**[TUONG HOANG v. CITIBANK, N.A., et al.]**
**W&W File No. 1133-1834**
**[Revised: August 31, 2023]**

| | |
|---|---|
| William E. Kennedy<br>**CONSUMER LAW OFFICE OF**<br>**WILLIAM E. KENNEDY**<br>2797 Park Ave., Ste. 203<br>Santa Clara, CA 95050 | **Attorneys for Plaintiff**<br>T: (408) 241-1000<br>F: (408) 241-1500<br>E: wkennedy@kennedyconsumerlaw.com |